# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| JASON ERICH FOERSTER, <br><br> Plaintiff, <br><br> v. <br><br> MICHELLE BLOMQUIST and CHARLES A. STORMONT, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:25-cv-00193-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

## BACKGROUND[1]

Pro se Plaintiff Jason Erich Foerster ("Mr. Foerster") filed this case against Defendants Utah Third District Court Commissioner Michelle Blomquist ("Commissioner Blomquist") and Utah Third District Judge Charles A. Stormont ("Judge Stormont") (collectively, "Defendants").[2] Mr. Foerster's complaint centers on Defendants' actions in a divorce proceeding in which he is involved in Utah Third District Court ("State Case"). Mr. Foerster makes the following factual allegations regarding the State Case:

- Mr. Foerster filed a "First Ex Parte Motion to Enforce and a Motion to Appoint Guardian ad Litem," and a hearing was scheduled via videoconference.[3]

---

[1] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 18.

[2] ECF No. 1.

[3] *Id.* at 2.

- Mr. Foerster filed a motion for all hearings to be in person due to a court order prohibiting internet access as a condition of his probation.[4]

- Nevertheless, the court continued scheduling hearings via videoconference, "effectively denying [Mr. Foerster]'s participation."[5]

- The petitioner in the State Case ("Petitioner") left the State of Utah in violation of a "Domestic Relations Injunction" signed by a Utah state-court judge.[6]

- Mr. Foerster filed multiple "Ex Parte Motions to Enforce," but those motions were repeatedly delayed or not heard.[7]

- Commissioner Blomquist denied the appointment of a guardian ad litem, refused to hear the "Ex Parte Motions to Enforce," and rescheduled those motions for a later hearing.[8]

- Petitioner's attorney filed a "Statement of Discovery Issues" and a motion to declare Mr. Foerster a vexatious litigant.[9]

- At a subsequent hearing, the court heard only Mr. Foerster's "First Ex Parte Motion to Enforce," despite prior orders indicating all motions would be addressed at the hearing.[10]

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 3.

- The court failed to schedule Mr. Foerster's pending motions for a hearing but scheduled a hearing on Petitioner's motions.[11]

- At another hearing, Commissioner Blomquist heard only Petitioner's motions, ignored Mr. Foerster's pending motions, and ordered Mr. Foerster to pay attorney fees despite Mr. Foerster having a fee waiver previously issued by a Utah state-court judge.[12]

- Commissioner Blomquist ordered Mr. Foerster to provide tax and discovery documents that had been unlawfully taken by Petitioner.[13]

- Mr. Foerster filed an objection to Commissioner Blomquist's order, citing procedural bias, due process violations, equal protection violations, and denial of access to the courts.[14]

- Petitioner's attorney filed another "Motion to Enforce."[15]

- Within 24 hours, the court scheduled a hearing without addressing Mr. Foerster's pending motions.[16]

- Mr. Foerster contacted the court for status updates and was given an apology, but the court took no action to schedule Mr. Foerster's pending motions.[17]

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

Based upon those allegations, Mr. Foerster asserts causes of action against Defendants under 42 U.S.C. § 1983 for: (1) "Due Process Violations (14th Amendment)," (2) "Equal Protection Violations," and (3) "Denial of Access to the Courts."[18]

In response to Mr. Foerster's complaint, Defendants moved to dismiss.[19] Mr. Foerster then moved for leave to proceed in forma pauperis,[20] to disqualify Defendants' counsel,[21] and for leave to amend his complaint.[22] Later, Mr. Foerster moved for a hearing and rulings on his motions.[23]

**ANALYSIS**

For the reasons explained below, the court: (I) denies Mr. Foerster's motion to disqualify Defendants' counsel; (II) grants Defendants' motion to dismiss and dismisses Mr. Foerster's claims against Defendants with prejudice; (III) denies Mr. Foerster's motion for leave to amend his complaint; and (IV) denies as moot Mr. Foerster's motion to proceed in forma pauperis and motion for a hearing and rulings. Each issue is addressed in turn.

**I.      The Court Denies Mr. Foerster's Motion to Disqualify Defendants' Counsel.**

The court denies Mr. Foerster's motion to disqualify Defendants' counsel because he fails to carry his heavy burden of showing that disqualification is required. The determination regarding whether disqualification is an appropriate remedy is "left to the discretion of the trial

---

[18] *Id*. at 3-4.

[19] ECF No. 6.

[20] ECF No. 12.

[21] ECF No. 14.

[22] ECF No. 15.

[23] ECF No. 30.

court."[24] "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear."[25] Attorneys practicing in this court are bound by this court's Local Rules of Practice, the Utah Rules of Professional Conduct, and the Utah Standards of Professionalism and Civility.[26] Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, the court also applies the standards developed under federal law.[27]

Several years ago, another court in this district provided the following guidance on the factors to consider when deciding a motion to disqualify counsel:

> The sanction of disqualification of counsel in litigation situations should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial. The egregiousness of the violation, the presence or absence of prejudice to the other side, and whether and to what extent there has been a diminution of effectiveness of counsel are important considerations. In addition, equitable considerations such as the hardship to the other side and the stage of trial proceedings are relevant. The essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit.[28]

---

[24] *Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30 TC, 2008 WL 648545, at *6 (D. Utah Mar. 10, 2008); *see also Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994) ("It is well[ ]established that ordinarily the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and is thus a matter of judicial discretion." (citation modified)).

[25] *Cole*, 43 F.3d at 1383.

[26] DUCivR 83-1.1(d)(1).

[27] *Cole*, 43 F.3d at 1383; *see also Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994) (providing that the legal standard applicable to a motion to disqualify counsel "is the law of the Tenth Circuit or this district").

[28] *Parkinson*, 857 F. Supp. at 1476.

In deciding these weighty issues, the court is mindful that the moving party bears the burden of establishing that disqualification is necessary.[29] To satisfy that burden, the moving party cannot rely upon conclusory allegations or speculative conflicts.[30] Furthermore, "disqualification of counsel is a drastic measure and a court should hesitate to impose it except when necessary."[31] "[F]ederal courts have treated a motion for disqualification as one that should only rarely be granted. A motion to disqualify is to be viewed with extreme caution, but recognizing the possible unfair advantage that may result depending on the circumstances."[32]

Mr. Foerster contends that disqualification of Defendants' counsel—who is an Assistant Attorney General with the Utah Attorney General's Office—is required for several reasons. First, Mr. Foerster asserts that Defendants' counsel has a conflict of interest because a different Assistant Attorney General with the Utah Attorney General's Office represents the Utah Office of Recovery Services ("ORS"), which was allowed to intervene in the State Case. Mr. Foerster relies upon Rule 1.7(a)(1) of the Utah Rules of Professional Conduct, which provides: "[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . [t]he representation of one client will be directly adverse to another client . . . ." Under the plain language of that rule, Mr. Foerster's argument fails because Defendants and ORS are not adverse to each other in the State Case. Thus, Defendants' counsel has no conflict of interest and, therefore, has not violated Rule 1.7(a)(1).

---

[29] *Id*. at 1480.

[30] *Procter & Gamble Co. v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998) ("[A] speculative conflict is insufficient for disqualification.").

[31] *Id*. (citation modified).

[32] *Parkinson*, 857 F. Supp. at 1480 (citation modified).

Second, Mr. Foerster argues that Defendants' counsel should be disqualified because permitting the Utah Attorney General's Office to represent both Defendants in this case and ORS in the State case "is fundamentally unfair," as it requires Mr. Foerster "to face the same government office as an adversary in both state and federal proceedings."[33] That argument is insufficient to warrant disqualification of Defendants' counsel. As Defendants have noted, it is not uncommon for a litigant to face attorneys from the same government office in different proceedings.

Finally, Mr. Foerster claims that allowing Defendants' counsel to represent Defendants in this case while another attorney from the Attorney General's Office represents ORS in the State case "creates an appearance of impropriety."[34] That argument fails because, as Defendants have stated, Defendants and ORS are represented by different attorneys who work in different sections of the Utah Attorney General's Office. Thus, even if Mr. Foerster could somehow show that a conflict of interest existed, there is nothing improper about those circumstances.[35] Accordingly, the court denies Mr. Foerster's motion to disqualify Defendants' counsel.

---

[33] ECF No. 14 at 3.

[34] *Id*.

[35] *Salt Lake Cnty. Comm'n v. Short*, 985 P.2d 899, 908 (Utah 1999) ("[T]here are settled mechanisms long used in public attorneys' offices that shield particular attorneys within those offices from conflicts."); *see also, e.g.*, *Matter of Johnston*, 663 P.2d 457, 465 (Wash. 1983) ("When the performance of any legal duties required of the attorney general presents actual conflicts of interest, a different assistant attorney general can, and should, be assigned to handle those inconsistent functions.").

**II.     The Court Grants Defendants' Motion to Dismiss and Dismisses Mr. Foerster's Claims Against Defendants With Prejudice.**

The court grants Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "'enough facts to state a claim to relief that is plausible on its face.'"[36] "Rather than adjudging whether a claim is 'improbable,' 'factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'"[37] "[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[38] The analysis under Rule 12(b)(6) requires the court to "accept as true the well[-]pleaded factual allegations" in the complaint and "view them in the light most favorable to [the plaintiff], and draw all reasonable inferences from the facts in favor of [the plaintiff]."[39] However, "'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'"[40]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[41] Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that

---

[36] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[37] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-56) (citation modified).

[38] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[39] *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

[40] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[41] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"[42] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[43]

Before dismissing a pro se plaintiff's complaint for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[44] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[45]

In analyzing Mr. Foerster's complaint, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[46] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[47] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[48]

---

[42] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (citation modified).

[43] *Id.*

[44] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[45] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[46] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[47] *Id.*

[48] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

9

Mr. Foerster fails to state claims against Defendants because they are each entitled to absolute judicial immunity. "Under the common law, judges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority."[49] This immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."[50] "[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ."[51] Further, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."[52] "Only accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity."[53] "[A]n act by a judge is a 'judicial' one" when "it is a function normally performed by a judge" and the parties are dealing "with the judge in his judicial capacity."[54] "The absolute immunity available to judges has been extended, under the rubric of quasi-judicial immunity, to other officials who perform functions closely associated with the judicial process. Court commissioners clearly fit this description."[55]

---

[49] *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990); *see also Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (per curiam).

[50] *Mireles*, 502 U.S. at 10 (citation modified).

[51] *Id*. at 11.

[52] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

[53] *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006).

[54] *Stump*, 435 U.S. at 362.

[55] *Fuller v. Davis*, 594 F. App'x 935, 939 (10th Cir. 2014) (citation modified); *see also Abdelrahim v. Conklin*, No. 1:11-CV-00069 CW, 2011 WL 6003883, at *1 (D. Utah Nov. 30,

Judge Stormont is entitled to absolute judicial immunity from Mr. Foerster's claims. Importantly, Mr. Foerster fails to make any substantive allegations in his complaint regarding Judge Stormont. The only allegation Mr. Foerster includes is that Judge Stormont is employed as a Utah Third District Judge.[56] However, in his opposition to Defendants' motion to dismiss, Mr. Foerster asserts that Judge Stormont "failed to correct or address" Commissioner Blomquist's actions.[57] Even if that is true, Mr. Foerster describes actions undertaken by Judge Stormont in his judicial capacity in the State Case, over which he has jurisdiction. Thus, Judge Stormont is immune from Mr. Foerster's claims.

Commissioner Blomquist is likewise entitled to absolute judicial immunity from Mr. Foerster's claims. All of Mr. Foerster's allegations against Commissioner Blomquist describe her quasi-judicial actions taken in the State Case, over which she also has jurisdiction. Mr. Foerster's allegations that Commissioner Blomquist committed procedural errors and was biased, even if true, are insufficient to overcome absolute judicial immunity. Thus, Commissioner Blomquist is absolutely immune from Mr. Foerster's claims.

Simply stated, Mr. Foerster's claims against Defendants are barred by absolute judicial immunity. Further, as demonstrated below, it would be futile to provide Mr. Foerster with an

---

2011) (concluding that a Utah Commissioner was entitled to absolute judicial immunity because the Commissioner's "conduct was judicial in nature or had an integral relationship to the judicial process . . . , and the state court [was] properly exercising jurisdiction over a divorce proceeding"), *report and recommendation adopted*, No. 1:11-CV-0069 CW, 2012 WL 483171 (D. Utah Feb. 14, 2012).

[56] ECF No. 1 at 2.

[57] ECF No. 13 at 2.

opportunity to amend his complaint. Therefore, the court grants Defendants' motion to dismiss and dismisses Mr. Foerster's claims against Defendants with prejudice.[58]

### III.    The Court Denies Mr. Foerster's Motion for Leave to Amend His Complaint.

The court denies Mr. Foerster's motion for leave to amend his complaint because permitting him to amend would be futile. Mr. Foerster's motion for leave to amend his complaint is governed by Fed. R. Civ. P. 15(a)(2), which provides that the court "should freely give leave" to amend pleadings "when justice so requires."[59] However, even under the liberal standard for amending pleadings, "the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[60] "Thus, in evaluating a proposed amendment for futility, the court must apply the same standard it would apply in evaluating a Rule 12(b)(6) motion to dismiss the proposed amended complaint."[61]

Mr. Foerster contends that he should be allowed to amend his complaint to: (1) add Petitioner's counsel in the State Case, Heather Carter-Jenkins ("Ms. Carter-Jenkins"), as a defendant because she has "acted in concert with" Defendants in the State Case;[62] (2) provide "new factual developments" showing that Mr. Foerster "continues to be denied access" to "supervised telephone communication with [his] children . . . in willful violation of both state

---

[58] *Mehdipour v. Matthews*, 386 F. App'x 775, 778-79 (10th Cir. 2010) (affirming district court's dismissal with prejudice of claims against judges based on absolute judicial immunity).

[59] Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[60] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citation modified).

[61] *Golden v. Mentor Capital, Inc.*, No. 2:15-CV-176-JNP-BCW, 2015 WL 13631247, at *1 (D. Utah Sept. 29, 2015) (citing *Bradley*, 379 F.3d at 901).

[62] ECF No. 15 at 1.

and federal orders";[63] and (3) "[p]rovide additional clarification and detail in support of [his] claims."[64] Mr. Foerster's proposed amended complaint includes new factual allegations about Defendants' and Ms. Carter-Jenkins's actions in the State Case, asserts the three causes of action contained in his original complaint, and asserts several new causes of action.[65] The newly asserted causes of action are: (1) "Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985"; (2) "Retaliation for Asserting Protected Rights under 42 U.S.C. § 1983"; and (3) "Neglect to Prevent Civil Rights Violations under 42 U.S.C. § 1986."[66]

Permitting Mr. Foerster to file his proposed amended complaint would be futile. With respect to Defendants, nothing in Mr. Foerster's proposed amended complaint would alter the court's conclusion above that Defendants are entitled to absolute judicial immunity from Mr. Foerster's claims. As for Ms. Carter-Jenkins, Mr. Foerster's proposed amended complaint does not make it entirely clear which causes of action implicate her. Nevertheless, even if the court assumes that all causes of action apply to Ms. Carter-Jenkins, Mr. Foerster fails to state claims against her under: (1) section 1983, (2) section 1985, and (3) section 1986.

First, Mr. Foerster fails to state a claim against Ms. Carter-Jenkins under section 1983. Section 1983 imposes civil liability upon any person who, acting under color of state law, deprives another of his or her federally protected rights.[67] To state a claim under section 1983, Mr. Foerster must allege a deprivation of a federally protected right and that this deprivation was

---

[63] *Id.* at 2.

[64] *Id.*

[65] ECF No. 15-1.

[66] *Id.* at 4-5.

[67] 42 U.S.C. § 1983.

committed by a person acting under color of state law.[68] As a private individual, Ms. Carter-Jenkins is not subject to the strictures of section 1983.[69] It is true that, in some cases, a non-state actor can be held liable for civil rights violations under section 1983 if he or she conspired with a state actor in committing those violations.[70] However,

> [w]hen a plaintiff in a § 1983 action attempts to assert the necessary "state action" by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. The standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit . . . .[71]

Mr. Foerster fails to make the requisite factual allegations to plead such a conspiracy. Mr. Foerster makes only the conclusory allegations that: (1) Ms. Carter-Jenkins submitted certain proposed orders to Commissioner Blomquist that "knowingly excluded [Mr. Foerster]'s rights, and Commissioner Blomquist signed them without correction or notice to [Mr. Foerster]";[72]

---

[68] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[69] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) ("'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999))); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) ("[T]he only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity . . . .'" (quoting *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)) (citation modified)); *Hunter v. Midland Mortg.*, No. CV-15-1266-R, 2015 WL 8207522, at *1 (W.D. Okla. Dec. 7, 2015) ("Plaintiff's reliance on 42 U.S.C. § 1983 is misplaced, because § 1983 creates a private cause of action when persons acting under color of state law violate a person's constitutional rights. A private person is not liable under 42 U.S.C. § 1983, and therefore Plaintiff cannot rely on this section to invoke the Court's jurisdiction.").

[70] *Crabtree ex rel. Crabtree v. Muchmore*, 904 F.2d 1475, 1480 (10th Cir. 1990).

[71] *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (citation modified); *see also Crabtree ex rel. Crabtree*, 904 F.2d at 1480-81 (same).

[72] ECF No. 15-1 at 3.

(2) "[u]pon information and belief, [Ms.] Carter-Jenkins or [Petitioner] may have contacted [Mr. Foerster]'s probation officer in an effort to interfere with court-authorized parenting time";[73] and (3) Mr. Foerster "does not know yet know whether it was [Ms.] Carter-Jenkins directly or Petitioner who initiated the communication."[74] Those sparse and conclusory allegations fall well short of showing any sort of agreement or concerted action, and the court is not persuaded that Mr. Foerster could make any plausible allegations that would support the existence of a conspiracy. For those reasons, Mr. Foerster fails to state a claim against Ms. Carter-Jenkins under section 1983.[75]

Second, Mr. Foerster fails to state a claim against Ms. Carter-Jenkins under section 1985. Section 1985 "creates a cause of action against persons who conspire to deprive a person or class of 'equal' protection or 'equal' privileges and immunities."[76] To state a claim for violations of section 1985, the plaintiff must include allegations of "class-based or racially discriminatory animus. In the absence of allegations of class[-]based or racial discriminatory animus, the

---

[73] *Id.* at 3-4.

[74] *Id.* at 4.

[75] *Harrison v. Gilbert,* 148 F. App'x 718, 720-21 (10th Cir. 2005) (affirming the district court's dismissal of the pro se plaintiff's section 1983 claims against two private attorneys because the attorneys "were not acting under color of law as required under § 1983," and "the vague general, conclusory conspiracy claims against them failed to set forth allegations sufficient for a conspiracy" and noting that even though the court was required to construe the pro se plaintiff's complaint "in the light most favorable to the plaintiff," the court could "not accept bare conclusory allegations as true or consider conclusory allegations on the legal effect of the events set out if they do not reasonably follow from the description of those events" (citation modified)).

[76] *Bisbee v. Bey,* 39 F.3d 1096, 1102 (10th Cir. 1994).

complaint fails to state a claim under § 1985."[77] Additionally, "the plaintiff must be a member of a statutorily protected class, and the actions taken by [the] defendant must stem from [the] plaintiff's membership in the class."[78] Mr. Foerster alleges neither a class-based or racially discriminatory animus nor membership in any protected class recognized under section 1985, and it does not appear that he could make any such plausible allegations. Therefore, Mr. Foerster fails to state a claim against Ms. Carter-Jenkins under section 1985.

Finally, Mr. Foerster fails to state a claim against Ms. Carter-Jenkins under section 1986—which provides for a civil action for neglect to prevent a conspiracy under section 1985— because he has not stated a claim under section 1985. Indeed, "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985."[79] In sum, Mr. Foerster's proposed amended complaint has no effect on the court's conclusion that Defendants are entitled to absolute judicial immunity, and it fails to state claims against Ms. Carter-Jenkins. Therefore, permitting Mr. Foerster to amend his complaint would be futile, and the court denies Mr. Foerster's motion for leave to amend his complaint.

---

[77] *Id.* (citation modified); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (stating that a claim for violation of section 1985 must include an allegation of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action").

[78] *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 746 (10th Cir. 1980).

[79] *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984); *see also Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985) ("The district court did not err in finding that the § 1986 claim is dependent upon the existence of a valid claim under § 1985.").

**IV.     The Court Denies as Moot Mr. Foerster's Motion for Leave to Proceed in Forma Pauperis and Motion for a Hearing and Rulings.**

Mr. Foerster moved for leave to proceed in forma pauperis, but the docket demonstrates that he has already paid the full filing fee.[80] Thus, there is no need to waive the filing fee, and, consequently, the court denies as moot Mr. Foerster's motion for leave to proceed in forma pauperis.

Mr. Foerster also moved for a hearing and rulings on his motions. Because the court determined that oral argument on Mr. Foerster's motions was not necessary,[81] and because the court has now ruled on those motions, the court denies as moot Mr. Foerster's motion for a hearing and rulings.

**ORDER**

For the reasons stated above, the court HEREBY ORDERS:

1.      Mr. Foerster's motion to disqualify Defendants' counsel[82] is DENIED.

2.      Defendants' motion to dismiss[83] is GRANTED, and Mr. Foerster's claims against Defendants are DISMISSED WITH PREJUDICE.

3.      Mr. Foerster's motion for leave to amend his complaint[84] is DENIED.

---

[80] ECF No. 1.

[81] DUCivR 7-1(g) ("The court may set any motion for oral argument. Otherwise, a party may request oral argument on a motion and must show good cause. If oral argument is not set, the court will determine a motion based upon the parties' written memoranda.").

[82] ECF No. 14.

[83] ECF No. 6.

[84] ECF No. 15.

4.      Mr. Foerster's motion to proceed in forma pauperis[85] and motion for a hearing

and rulings[86] are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 31st day of March 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[85] ECF No. 12.

[86] ECF No. 30.

18